## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

**UNITED STATES OF AMERICA**              **CRIMINAL NO. 3:25-CR-00115**

**VERSUS**                                **JUDGE DAVID C. JOSEPH**

**ALI MOORE**                             **MAGISTRATE JUDGE KAYLA D. McCLUSKY**

### MEMORANDUM RULING

Before the Court is DEFENDANT'S MOTION TO REVOKE THE MAGISTRATE JUDGE'S DETENTION ORDER AND REQUEST FOR IMMEDIATE RELEASE WITH CONDITIONS (the "Motion"), [Doc. 22-1], filed by the defendant, Ali Moore (hereinafter "Defendant."). The government opposes the Motion. [Doc. 24]. For the following reasons, Defendant's Motion is DENIED.

### BACKGROUND

On May 14, 2025, the government filed an Indictment charging Defendant with two counts of Possession with the Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), and two counts of Possession of a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C § 924(c)(1)(A). [Doc. 1]. Defendant had an initial appearance on May 23, 2025, at which time the Government made an oral motion for detention. [Doc. 10]. Defendant's detention hearing was held on June 2, 2025, and the Magistrate Judge found that the government met its burden for detention. [Doc. 16, p. 1].

At the hearing, the government called one witness and Defendant called six witnesses, along with taking the stand himself. The government called Monroe Police

Department and ATF Task Force Officer Agent Triche Passman. Defendant called Charles Hopkins (his grandfather); Terry Butler (his stepfather); Shaqwendolynn Eleam (his girlfriend); Rosalyn Harris (his previous girlfriend); Agent Passman; and Sharnetta Hopkin's (his mother).

Agent Passman testified that he investigated two incidents involving Defendant. [Doc. 30, p. 4]. On July 30, 2023, deputies with the Ouachita Parish Sheriff's Department made a traffic stop of a 2020 Dodge Charger. *Id.* Defendant exited the vehicle, and officers observed a Glock .45 pistol, fifteen rounds of ammunition, and approximately twelve grams of marijuana in the vehicle. *Id* at p. 5. The firearm was found on the driver's floorboard, and the marijuana was located on the console between the front seats. *Id.* at p. 11. Officer Passman testified that the firearm was loaded but defense counsel presented a report indicating that it may have been unloaded when discovered by officers. *Id.* at pp. 12, 34-35. Officers also discovered approximately two pounds of marijuana, a scale, and plastic baggies in the truck of the vehicle. *Id.* at p. 5.

Next, Agent Passman testified that on August 30, 2023, officers executed an arrest warrant of Defendant at his residence and discovered approximately four pounds of marijuana in the home, along with an AR Inc. 556 pistol. *Id.* at pp. 5-6. The firearm was in the bedroom and the marijuana was found in multiple locations within the home, such as in the laundry room and between a speaker and a laundry basket in the utility room. *Id.* at pp. 16, 52. He testified that Defendant was arrested again

on January 4, 2023, at the Dallas airport after fourteen pounds of marijuana were discovered in his suitcase. *Id*. at p. 6.

The Magistrate Judge found that a rebuttable presumption arose under 18 U.S.C. § 3142(e)(3) because there was probable cause to believe that Defendant committed "an offense under 18 USC §§ 924(c), 956(a), or 2332(b)." [Doc. 19, p. 2]. She further concluded that the government proved by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community, highlighting the following: (i) the charged offenses involved a controlled substance and firearm; (ii) Defendant will be subject to a length period of incarceration if convicted; and (iii) Defendant has lack of stable employment, a history of alcohol and/or substance abuse, and prior criminal history. *Id*. at p. 3. Moreover, the Magistrate Judge explained that Defendant's own testimony is ultimately what convinced her that the § 3142(e)(3) presumption was not rebutted because of the concerning nature of his testimony. *Id*. at p. 4.

## LAW AND ANALYSIS

In the Motion, Defendant contends that he successfully rebutted the presumption in 18 U.S.C § 3142(e)(3). [Doc. 22-1, p. 2]. Moreover, Defendant asserts that he is not a danger to community, as demonstrated through evidence that he has "been refraining from involvement with firearms since the offense date and would continue to refrain from possessing a firearm if released." *Id*. at p. 3. Turning to the § 3142(g) factors, Defendant offers the following in support of his release: (i) his firearm was not loaded at the time of the offense; (ii) he has never had a prior firearm

conviction; (iii) he is not a convicted felon; (iv) he has "practically no criminal history[;]" (v) he has not had any incidents since his arrest for the instant offense; (vi) he does not have a history of failing to appear; and (vii) he has shown that he has significant family ties in the community. *Id*. at pp. 3-4. In response, the government avers that Defendant did not rebut the presumption that he poses a danger to the community at his detention hearing. [Doc. 24]. Specifically, the government points to the testimony of: (i) ATF Task Force Officer Triche Passman about Defendant's arrest record and the facts of the instant offense, and (ii) members of Defendant's family that established they did not have a close relationship with Defendant. *Id*. at pp. 3-5.

## I.    Governing Law

"A judicial officer may order a defendant detained pending trial upon a finding by a preponderance of the evidence that 'no condition or combination of conditions will reasonably assure the appearance of the person,' or by clear and convincing evidence that 'no condition or combination of conditions will reasonably assure ... the safety of any other person and the community.'" *United States v. Acosta-Leyva*, 751 F. App'x 594, 595 (5th Cir. 2019), *quoting* 18 U.S.C. § 3142(e). In making this determination, a court must take into account: "(1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's history and characteristics including, among other things, his family ties, length of residence in the community, community ties, and past conduct; and (4) the nature and seriousness

of the danger to any person or the community that would be posed by the defendant's release." *Id.*, *citing* § 3142(g).

But if an offense carries a maximum term of ten or more years under the Controlled Substances Act, 21 U.S.C. § 801 *et seq.,* or involves a § 924(c) offense, there is a rebuttable presumption that "no combination of conditions will reasonably assure the safety of any other person and the community." § 3142(e). This "shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion; however, the mere production of evidence does not completely rebut the presumption." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992).

However, "[i]n making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society." *Id. See also United States v. Hare,* 873 F.2d 796 (5th Cir. 1989) (the "presumption is not mere 'bursting bubble' that totally disappears from judge's consideration after defendant comes forward with evidence."). Moreover, "[f]or pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, or the safety of others or the community, is sufficient; both are not required." *United States v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992).

## II.    Application

The Court reviews the June 2, 2025, detention order *de novo* "[b]ecause this is an appeal of a magistrate judge's detention order under 18 U.S.C. § 3145(b)." *Mixon,* 2025 WL 242836, at *3, *citing United States v. Fortna,* 769 F.2d 243, 249 (5th Cir.

1985).   To start, the Court finds there is probable cause to believe Defendant committed an offense that triggers the rebuttable presumption of detention under § 3142(e)(3) because Defendant is charged in the Indictment with violating the Controlled Substances Act and § 924(c)(1)(A).  [Doc. 1].  *United States v. Trosper*, 809 F.2d 1107 (5th Cir. 1987) ("Indictment charging defendant with drug crimes was sufficient to raise presumption that no conditions of bail could assure his appearance and protect the safety of the community without any independent showing of probable cause.").  As such, the Defendant bears the burden of rebutting the presumption of detention.  *Rueben*, 974 F.2d at 586.  And regardless of if the Defendant rebuts the § 3142(e)(3) presumption, "the Court must still review the Section 3142(g) factors." *United States v. Currington,* 2025 WL 913460, at *2 (W.D. La. Mar. 25, 2025), *citing United States v. Jackson*, 845 F.2d 1262, 1265 (5th Cir. 1988) (noting that the language of Section 3142(g) "mandates district court review of certain factors[.]").

Starting with the nature and circumstances of the offense, "[t]he 'dangerous combination' of 'guns and drugs' present here are highly probative of [the Defendant's] danger to the community."  *United States v. Adams*, 2024 WL 4626208, at *4 (E.D. La. Oct. 30, 2024), *citing Smith v. United States*, 508 U.S. 223, 240 (1993). As stated *supra*, when Defendant was arrested in July 2023, the firearm and marijuana were in very close proximity in the vehicle.  [Doc. 30, p. 11].  Moreover, the presence of a scale and baggies at the July 2023 arrest, coupled with the high quantity of marijuana found in Defendant's suitcase at the Dallas airport (fourteen pounds), suggest that Defendant was engaged in the distribution of marijuana as opposed to

possessing it solely for personal use. *Id*. at pp. 5, 6. Defendant's testimony that he was addicted but was not "trying to get rich off the marijuana" is discounted by the physical evidence obtained by law enforcement that suggests he was a marijuana dealer. *Id*. at p. 93. *Rueben*, 974 F.2d at 586 ("[T]he risk of continued narcotics trafficking on bail does constitute a risk to the community."). And the Court highlights that Defendant also admitted to personal marijuana use, rendering his possession of firearms even more dangerous. [Doc. 30, pp. 92-93].

Additionally, Agent Passman's testimony that the Defendant stated in jail calls that he needs to keep a gun on him "because of who he is" further suggests that Defendant is dangerous. *Id*. at p. 22. And the evidence that Defendant was dealing marijuana, coupled with the proximity of firearms to marijuana at the time of his arrest in July 2023, are substantial evidence that Defendant was using firearms in connection with drug trafficking. *Id*. at p. 85. This is exactly the type of conduct Congress sought to target in codifying the presumption in § 3142(e). The Court also finds Agent Passman's testimony that Mr. Moore's residence is across the street from Sterlington Middle School particularly concerning. *Id*. at p. 22.

Lastly, "[t]he severity of the potential sentences emphasizes the nature and circumstances of the charged offenses." *United States v. McZeal*, 2023 WL 6798134, at *3 (W.D. La. Oct. 13, 2023). Here, Defendant faces the significant statutory sentence required by 18 U.S.C. § 924(c), demonstrating the seriousness of the charged offenses.

As relevant to the weight of evidence against Defendant "the Fifth Circuit has held that 'the government cannot reasonably argue that the Section 3142(e) presumption, coupled with the allegations of the indictment against [the defendant], are alone sufficient to satisfy Section 3142(g).'" *United States v. Adams*, 2024 WL 4626208, at *4 (E.D. La. Oct. 30, 2024), *quoting United States v. Jackson*, 845 F.2d 1262, 1265 (5th Cir. 1988).   But, here, Agent Passman testified that Defendant claimed ownership of: (i) the firearm and marijuana found during the traffic stop on July 30, 2023, and (ii) the marijuana and the AR Inc. 556 pistol found at his home on August 30, 2023.  [Doc. 30, pp. 6, 13-14].  These admissions, coupled with the physical evidence found in Defendant's possession, indicate that the evidence against Defendant is substantial.

Lastly, the Court must consider the history and characteristics of Defendant, including, among other things, his family ties, length of residence in the community, community ties, and past conduct.  To start, while Defendant called a considerable number of family members to testify at his detention hearing, their testimony suggests they do not have a close personal relationship with Defendant.  For example, Mr. Hopkins and Mr. Butler testified that they were unaware Defendant had substance abuse problems.  *Id*. at pp. 25, 42.  And Mr. Hopkins testified that he was unaware Defendant was arrested nine times in nine years for charges all related to marijuana and that he did not know how many children Defendant had because he "don't get that deep in their personal life."  *Id*. at pp. 27, 29.  In a similar vein, Ms. Harris testified that she only knew about Defendant's arrest in Sterlington in his

home.  *Id.* at p. 65.  Ms. Hopkins did testify that she was aware of his prior marijuana arrests, but thought the charges were because his girlfriend used marijuana; she was unaware of Defendant's marijuana use.  *Id.* at pp. 73, 77.  Accordingly, this evidence weighs against pretrial release of Defendant.  *See e.g. United States v. Rueben,* 974 F.2d 580, 586 (5th Cir. 1992) ("It is certainly not the sort of family ties from which we can infer that a defendant is so deeply committed and personally attached that he cannot be driven from it by the threat of a long prison sentence.").

Moreover, the personal characteristics of Defendant's family members demonstrate that none would be effective third-party custodians.  For instance, Ms. Eleam admitted to being a marijuana user in the past and tried to run Defendant over with her car.  [Doc. 30, pp. 51, 101].  Ms. Harris appears to be struggling financially and appears to not have a stable residence.  *Id.* at pp. 62, 68.  There is also no evidence that Mr. Hopkins or Ms. Hopkins would be able to control Defendant.  *See e.g. United States v. Trosper*, 809 F.2d 1107 (5th Cir. 1987) (the defendant's evidence of family ties did not support his pretrial release "where the family ties were not those which gave family members any control, physical or emotional, over the defendant's actions[.]").  Mr. Hopkins testified that he would prevent Defendant from possessing marijuana or firearms by having a conversation if it becomes a problem. [Doc. 30, p. 31].  And there is insufficient reason to believe that Ms. Hopkins could exert control over the Defendant or even believe he could do anything wrong.

The Court acknowledges that Defendant's length of residence in the community and community ties support his request for pretrial release.  The

testimony at his detention hearing established that Defendant has lived in Ouachita Parish for the majority of his life and that all his children reside there. *Id.* at pp. 26, 39-40, 56, 80, 94. But, Defendant's murky business dealings and current financial condition undermine this evidence. *See e.g. United States v. Trosper,* 809 F.2d 1107 (5th Cir. 1987) (pretrial release was not warranted where the defendant's "financial situation was murky and he had a number of liquid and secretive financial assets.").

Considering the above, the Court finds that Defendant has failed to rebut the presumption that "no combination of conditions will reasonably assure the safety of any other person and the community." § 3142(e). Regardless, an application of the factors in § 3142(g) further suggest that pretrial release is not warranted in this case.

<u>CONCLUSION</u>

Based on the foregoing reasons, DEFENDANT'S MOTION TO REVOKE THE MAGISTRATE JUDGE'S DETENTION ORDER AND REQUEST FOR IMMEDIATE RELEASE WITH CONDITIONS [Doc. 22-1] is DENIED.

THUS, DONE AND SIGNED in Chambers on this 3rd day of July 2025.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE